```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
HOWARD UNIVERSITY,                                               :
                                                                 :
                        Plaintiff,                               :
                                                                 :     20-cv-4716 (LJL)
       -v-                                                       :
                                                                 :       ORDER
LARRY BORDERS and VIRGINIA BORDERS,                              :
                                                                 :
                        Defendants,                              :
                                                                 :
       and                                                       :
                                                                 :
CENTRALIA MADONNA, a DRAWING,                                    :
                                                                 :
                        Defendant-in-rem.                        :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2020

LEWIS J. LIMAN, United States District Judge:

Defendants and Counterclaim-Plaintiffs Larry Borders and Virginia Borders (the "Borders") challenge the designation by Plaintiff and Counterclaim-Defendant Howard University (the "University") of certain documents as protected by the attorney-client privilege or as attorney work product and request an *in camera* review. Dkt. No. 31. The documents consist of two sets of emails: internal email communications between the University's Rule 30(b)(6) representative and director of the University's art gallery, Lisa Farrington ("Farrington"), and other Howard employees, and three email communications between Farrington and employees at third party Rosenfeld Gallery.

The Borders argue that there is a good faith basis for seeking disclosure of the first set of documents because the emails are between non-lawyers at the University, during her deposition Farrington had denied having these communications that were identified in the privilege logs, and the University failed to identify some of the persons on these communications.

In response, the University argues that the internal email communications are protected by the attorney-client privilege and as attorney work product because the emails were generated in the course of a pre-suit investigation directed by the University's in-house counsel, Lisa Jones Gentry ("Gentry",) and carried out by Farrington.  Specifically, in a sworn declaration, Gentry states that after Sotheby's notified her on May 12, 2020 that the artwork at issue (the "Artwork") had been consigned for a June 2020 sale, Gentry asked Farrington to "assist [her] by collecting information that would inform Howard University's legal arguments and strategy in the anticipated lawsuit to recover the Artwork." Dkt. No. 32-1 ¶ 4.  In particular, Gentry asked Farrington to "search the records of the Gallery, to examine the files of the Gallery and to contact individuals she felt would have information that would be part of [the] pre-suit investigation into this matter." *Id.* ¶ 5.  Farrington began these efforts the next day, on May 13, 2020, which continued up to and beyond the filing of the complaint in this action on June 19, 2020.  *Id.*

The University has met its burden of establishing attorney-client privilege over these documents.  *See von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.") (citation omitted); *Spectrum Sys. Int'l Corp. v. Chemical Bank*, 581 N.E.2d 1055, 1059 (1991) ("[T]he burden of establishing any right to protection is on the party asserting it; the protection must be narrowly construed; and its application must be consistent with the purposes underlying the immunity.").  An internal investigation alone is not automatically protected, but "an employer's investigation may shift from an internal investigation in response to plaintiff's claims to an investigation for the purposes of mounting a legal defense against any such claims." *Babbitt v. Koppel Nissan, Inc.*, 2019 WL 3296984, at *3 (E.D.N.Y. July 23, 2019) (quoting *Prince v. Madison Square Garden,*

*L.P.*, 240 F.R.D. 126, 128 (S.D.N.Y. 2007)).  Gentry's declaration makes clear that the investigation was being conducted at her direction—the direction of counsel—for the purpose of deciding whether to file suit against the Borders.  The dates, persons involved, and descriptions of the emails challenged by the Borders are consistent with the University's pursuit of an internal investigation in anticipation of litigation.

The three emails between Farrington and third party Rosenfeld Gallery are protected as attorney work product because they were also created in furtherance of the litigation and the protection was not waived.  "Fed. R. Civ. P. 26(b)(3) codifies the doctrine in part, providing that 'a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative' . . . unless 'the party shows that it has substantial need for the materials . . . and cannot without undue hardship, obtain their substantial equivalent by other means.'"  *McGowan v. JPMorgan Chase Bank, N.A.*, 2020 WL 1974109, at *3 (S.D.N.Y. Apr. 24, 2020) (quoting Fed. R. Civ. P. 26(b)(3)).  "The party asserting work-product protection must demonstrate that the material at issue '(1) [is] a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative.'"  *Id.* (quoting *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252 F.R.D. 163, 173 (S.D.N.Y. 2008)).

The Borders submit a redacted copy of an email chain with the three emails at issue: the email chain begins with Farrington's response to a mass email about Charles White (the artist of the Artwork), the Rosenfeld Gallery's reply, and then Farrington's further reply.  The first two emails were sent on June 10, 2020 and the third on June 12, 2020—roughly one week before the University filed the complaint in the instant action.  The emails are consistent with the University's argument that Farrington, at Gentry's direction, was seeking information about the

Artwork from University employees and others, including third parties, to help prepare arguments for the litigation. The emails were also not waived by disclosure to Rosenfeld Gallery. Waiver by disclosure to a non-adversary third party may occur when it is likely that the protected documents will be revealed to an adversary. But "disclosure simply to another person who has an interest in the information but who is not reasonably viewed as a conduit to a potential adversary will not be deemed a waiver" of the rule. *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 1990 WL 108342, at *4 (S.D.N.Y. July 20, 1990) (citing cases); *see Plew v. Limited Brands, Inc.*, 2009 WL 1119414, at *2-3 (S.D.N.Y. Apr. 23, 2009) (emails sent by third party to defendants "were created for the defendants and because of the very litigation in which defendants invoke work-product protection," and vice versa); *cf. In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 161 (2d Cir. 2002). Rosenfeld Gallery does not have a connection with the Borders and was not, and is not, likely to reveal the emails to them. *See Mitre Sports Int'l Ltd. v. Home Box Office, Inc.*, 2010 WL 11594991, at *11 (S.D.N.Y. Oct. 14, 2010) (citing cases).

The Court separately addresses the Borders' accusation that Farrington denied the existence of email communications regarding the Artwork in her deposition. The deposition transcript shows that when asked the question, "Have you had any email communications with anyone who isn't part of Howard's in-house counsel or outside counsel concerning the Charles White Artwork?" Farrington responded, "I don't think so, except when Sotheby's sent the picture." Dkt. No. 31-2 at 185:6-11. When asked the question, "Have you had any email communications with Mr. Baker concerning the Charles White artwork?" she replied, "No." *Id.* at 185:2-5. Farrington's statements are contradicted by the privilege log entries showing emails sent directly between Farrington and others, including Baker, and by the University's own

4

defense of those emails as protected by attorney-client privilege or attorney work product.  The University does not deny that Farrington did not testify accurately, instead carefully stating that she "testified truthfully and in detail regarding the topics in the 30(b)(6) Notice."  Dkt. No. 32 at 3.  The University also provides a declaration from Farrington that explains why she incorrectly testified that she had not spoken with anyone other than outside counsel to prepare for her deposition (because she thought that conversations with both University members and outside counsel present were covered by the attorney-client privilege and need not be disclosed), but that declaration does not address her testimony with respect to the email communications.  *See* Dkt. No. 32-2.  The Borders do not raise an issue with respect to Farrington's deposition presently but note that they may do so in the future.  *See* Dkt. No. 31 at 2 n.2.  The Court will entertain a motion, including a request to redepose Farrington at the University's expense, should the University impede the Borders' efforts at discovery in the future or should any past inaccuracies not be promptly and sufficiently corrected.

       The motion for discovery is denied.  The Clerk of Court is respectfully directed to close Dkt. No. 31.

       SO ORDERED.

Dated: December 30, 2020  
      New York, New York

                                                     LEWIS J. LIMAN  
                                                   United States District Judge