USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/1/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
HOWARD UNIVERSITY, :
:
Plaintiff, :
: 20-cv-4716 (LJL)
-v- :
: ORDER
LARRY BORDERS and VIRGINIA BORDERS, :
:
Defendants, :
:
and :
:
*CENTRALIA MADONNA*, a DRAWING, :
:
Defendant-in-rem. :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants and Counterclaim-Plaintiffs Larry Borders and Virginia Borders (the "Borders") seek an order requiring Plaintiff and Counterclaim-Defendant Howard University (the "University") to produce photocopies of the approximately 50 pages from the Annual Reports cited in the expert report by the University's expert, Russell Panczenko ("Panczenko"), as well as any other documents that contain facts that Panczenko relied upon in preparing his report. Dkt. No. 34. The University opposes this production on the grounds that the Court already decided this issue at the September 3, 2020 initial pretrial conference and in its September 4, 2020 order when the Court required the University to produce the Annual Reports by making them available for the Borders' inspection at the University in person. Dkt. No. 35; *see* Dkt. No. 25.

The University's contention that the Court already decided the issue is incorrect. At the time of the Court's order, the Borders sought discovery pursuant to their request for production

of documents.  Dkt. No. 21.  In that request for production of documents, and at that stage of the litigation, the Borders defined the relevance and scope of the discovery they needed, and it was appropriate for them to bear the burden.

Now, the University intends to introduce Panczenko's expert report that relies on pages from various Annual Reports and to call Panczenko to provide expert testimony at trial.  *See* Dkt. No. 35 at 3 (the report "includes direct quotations from and references to the content of these Annual Reports" and "includes detailed footnotes . . . with specific pages of the Annual Reports that Mr. Panczenko relied upon in his report").  Federal Rule of Civil Procedure 26(a)(2) requires a party who retains a witness to provide expert testimony in the case to disclose the identity of that witness and to submit an accompanying written report containing, *inter alia*, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them."  Fed. R. Civ. P. 26(a)(2)(B).  That rule contemplates that the proponent of the expert testimony is responsible for disclosure and that such disclosure includes the underlying facts or data.  *See* Fed. R. Civ. P. 26(a) Advisory Committee Notes to the 2010 Amendment ("[T]he intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients."); *Aniero Concrete Co., Inc. v. N.Y.C. School Const. Authority*, 2002 WL 257685, at *3 (S.D.N.Y. Feb. 22, 2002) ("[F]acts or data considered" by a testifying expert include "documents relied on by an expert" and "any documents 'that were provided to and reviewed by the expert'") (citing cases); *see also B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York*, 171 F.R.D. 57, 62-63 (S.D.N.Y. 1997) ("There is ample authority that any facts provided to an expert, even if provided by an attorney, are required to be disclosed.").

As the proponent of Panczenko's testimony and expert report, the University, not the Borders, shall be required to produce such documents and to do so in the manner that it made such documents available for Panczenko. The University's letter demonstrates that it has the capacity to make the documents available either by photocopy or by other electronic means, as it did when it made the documents available for Panczenko. Dkt. No. 35 at 3. The University also has not identified a burden in requiring it, as opposed to the Borders, to travel to the University to review the documents. The volume of production is not particularly high, with the expert report citing to approximately 50 pages from the Annual Reports. Dkt. No. 34 at 1. And regardless of whether the University or the Borders is ordered to physically handle the documents, the University's personnel would nonetheless be required to be present at the University and to gather the Annual Reports, which the University offered to do in the event that the Borders inspect the documents in person. *See* Dkt. No. 35 at 1 (describing that when "the University's campus was closed, Howard personnel traveled to campus, gathered the relevant years' Annual Reports, organized them chronologically, and placed them in a room for Defendants' counsel to inspect them"); *id.* at 3 ("The University remains willing to make arrangements for Defendants' counsel to return to campus for further inspection and copying.").

Accordingly, the motion to compel at Dkt. No. 34 is GRANTED. The University shall make the pages available for the Borders in accordance with this Order by February 11, 2021.

SO ORDERED.

Dated: February 1, 2021  
New York, New York

_____  
LEWIS J. LIMAN  
United States District Judge