```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
HOWARD UNIVERSITY,                                                :
                                                                  :
                                    Plaintiff,                    :
                                                                  :          20-cv-04716 (LJL)
              -v-                                                 :
                                                                  :              ORDER
BORDERS et al,                                                    :
                                                                  :
                                    Defendants.                   :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/2022

LEWIS J. LIMAN, United States District Judge:

The bench trial in this case is scheduled to begin on Wednesday, September 28, 2022. Direct testimony will be taken by declaration. In advance of trial, each party has submitted objections to portions of the declarations offered by the other party. In addition, Plaintiff asks for a pretrial ruling excluding two of defendants' exhibits DTX-12 and DTX-27. Dkt No. 80.

The following constitutes the Court's rulings on the objections to the declarations.

Plaintiff's declarations

- Lisa Jones Gentry. The objections are overruled. With respect to paragraphs 5, 7, and 8, however, the testimony will be received only as to Ms. Jones Gentry's understanding and intent and with respect to paragraph 12, the testimony will be received only as to what was said on the call and not for its truth.

- Lisa Farrington. The following objections are sustained:
    - ¶ 17, third sentence. The objection is sustained for lack of foundation of personal knowledge (other than through hearsay).

- o In addition, certain of the testimony of Ms. Farrington (*e.g.*, ¶¶ 40, 43, 54, 56) will be taken only for the independently relevant question of her understanding and/or knowledge as of the time Ms. Farrington began working for Plaintiff.
- <u>Scott Baker</u>.  The objections are overruled.
- <u>Russell Panczenko</u>.   The Court reserves on the objections and will receive at the conclusion of the trial a motion to strike based on the objections set forth by defendants.

<u>Defendants' declarations</u>

- <u>Kayla Carlsen</u>. The objection to paragraph 14 is sustained and the testimony is excluded as hearsay.  The remaining objections are overruled.
- <u>Katharine Richardson</u>.  The objections are overruled except as follows:
  - o ¶ 23.  Sustained and the testimony excluded as hearsay and, to the extent it is not intended to convey the content of the notes, as irrelevant.
  - o ¶ 24.  Sustained and the testimony excluded as hearsay.
  - o ¶ 18.  Sustained on best evidence grounds.  Fed. R. Evid. 1002.
  - o ¶ 20.  Sustained on best evidence grounds.  Fed. R. Evid. 1002.
  - o ¶ 23.  Sustained and the testimony excluded as hearsay.
  - o ¶ 34.  Sustained on grounds of relevancy.

Except where otherwise indicated, any remaining objections are overruled.  This ruling is without prejudice to the testimony being offered if the adverse party opens the door through cross-examination.  Moreover, this ruling should not be understood to prejudge the issue – which the parties will argue – regarding the scope of the judicial admission and whether the testimony offered by Plaintiff contradicts that judicial admission.

Plaintiff also asks for a pretrial ruling on the admissibility of DTX-12 and DTX-27. "The trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential rounds." *United States v. Ulbricht*, 79 F. Supp. 3d 466, 478 (S.D.N.Y. 2015) (quoting *United States v. Ozsusamlar*, 428 F. Supp.2d 161, 164-65 (S.D.N.Y. 2006)).

- DTX-12: The objection is overruled. At this stage, Plaintiff does not challenge the facts proffered by Defendants regarding authentication. Accordingly, the exhibit is received as an ancient record. *See* Fed. R. Evid. 803(16); 901(b)(8); *Martha Graham School and Dance Foundation, Inc. v. Martha Graham Center of Contemporary Dance, Inc.*, 380 F.3d 624, 643 (2d Cir. 2004); *United States v. Portrait of Wally*, 663 F. Supp. 2d 232, 255-56 (S.D.N.Y. 2009).

- DTX-27: The objection is sustained on grounds of hearsay subject to a proper foundation being laid after cross-examination that the document is inadmissible under Fed. R. Evid. 801(d)(1) or 803(5). The Court views Plaintiff's argument that the admissions are not based on personal knowledge as going to weight and not to admissibility.

SO ORDERED.

Dated: September 24, 2022
    New York, New York

_____
LEWIS J. LIMAN
United States District Judge